UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**SHYRONN MCCULLOUGH,**

        Plaintiff,

vs.

Case No.

Hon.

**LOWE'S HOME CENTERS, INC.,**
**d/b/a LOWE'S** and **ROBBIE LANCIONI,**
jointly and severally,

        Defendants.
_____/

Jack W. Schulz (P78078)
SCHULZ GOTHAM PLC
PO Box 44855
Detroit, MI 48244
(313) 246-3590
jackwschulz@gmail.com
*Attorneys for Plaintiff*
_____/

## COMPLAINT AND DEMAND FOR TRIAL BY JURY

There is no other civil action pending in this Honorable Court or any other Court arising out of the same transaction and occurrence.

**NOW COMES** Plaintiff, **SHYRONN MCCULLOUGH**, for her Complaint against Defendants Lowe's Home Centers, Inc. d/b/a Lowe's and Robbie Lancioni, stating the following:

## **INTRODUCTION**

1.  Plaintiff Shyronn McCullough was employed with Defendant Lowe's Home Centers, Inc. for nearly a decade until she was terminated days after returning from FMLA protected leave to manage spiraling depression and insomnia resulting from being informed the investigation of her son's murder was being reopened. On the day she left for leave, Plaintiff emailed her coworkers to tell them that she considered them family, wanted to share what she was going through, and would keep them updated. Plaintiff returned to work after about a month of leave but was terminated approximately eight days later allegedly due to "leadership issues."

Shortly before her termination, Defendant Robbie Lancioni became the new store manager of Plaintiff's location and immediately held Plaintiff to a different standard than her Caucasian comparators. Upon her termination, Plaintiff was immediately replaced by a Caucasian woman.

Within this Complaint, Plaintiff alleges she was terminated in retaliation for taking leave protected under the Family Medical Leave Act of 1993, due to her disability or perceived disability in violation of her rights under the Michigan Persons with Disabilities Civil Rights Act 220 of 1976, and due to her race in violation of 42 U.S.C. § 1981 and Michigan's Elliot-Larsen Civil Rights Act, M.C.L. § 37.2101 *et. seq.*

## PARTIES

2. Plaintiff Shyronn McCullough is an African American individual who was employed with the Defendant Lowe's Home Centers, Inc. and resides in Redford, Michigan, Wayne County.

3. Defendant Lowe's Home Centers, Inc. ("Lowe's") is a national corporation headquartered in Mooresville, North Carolina. Lowe's registered business address in Michigan is 601 Abbott Rd., East Lansing, MI 48823.

4. Defendant Robbie Lancioni is an individual and agent of Defendant Lowe's. At all times relevant to this lawsuit Mr. Lancioni was the store manager at Defendant Lowe's Southfield location and Plaintiff's supervisor. Upon information and belief, Mr. Lancioni resides within the Eastern District of Michigan.

## JURISDICITON AND VENUE

5. This Court has original jurisdiction of Plaintiff's claims under to 42 USC § 1981 and Federal Claim under the Family Medical Leave Act of 1993 pursuant to 28 U.S.C. § 1331.

6. Under 28 U.S.C. § 1367, this Court has supplemental jurisdiction over Plaintiff's state law claims.

7. This Court is the proper venue pursuant to 28 U.S.C. § 1391(b).

8. Plaintiff has filed a charge with the Michigan Department of Civil Rights alleging racial discrimination, disability discrimination, and retaliation. Plaintiff will

seek to amend her complaint once issued the right to sue pursuant to Title VII of the Civil Right Act of 1964, 42 U.S.C. §2000 *et seq.*

## GENERAL ALLEGATIONS

9. Shyronn McCullough ("Plaintiff" of "McCullough") is African American and a member of a protected class based on her race.

10. Plaintiff suffers from depression arising from the murder of her son in 2018.

11. McCullough began working for Defendant Lowe's Home Centers, Inc. ("Lowe's") in 2010. During her employment, McCullough worked faithfully and received positive job performance reviews throughout her employment and had no significant discipline against her.

12. Most recently, Plaintiff held the position of Front End Manager with Lowe's at its location in Southfield, MI.

13. In or around February 2020, a new store manager, Defendant Robbie Lancioni ("Lancioni"), was assigned to the Southfield location where Plaintiff worked.

14. Shortly after Lancioni became manager of the Southfield location, McCullough felt she was being isolated and treated different due to her race.

15. After the arrival of Lancioni, McCullough made an error in one employee's payroll which required correction. Unlike her Caucasian peers, McCullough was immediately put on a last chance.

16. Plaintiff notified coworkers that she believed she was disciplined unfairly due to her race but did not report it to human resources because she feared retaliation.

17. In mid-March 2020, McCullough learned that an investigation was being reopened regarding the murder of her son who was killed around a year prior.

18. The reopening of the investigation intensely triggered McCullough's depression and caused her to suffer from insomnia.

19. Beginning March 21, 2020, Plaintiff took FMLA protected leave for her depression.

20. On March 21, 2020, Plaintiff emailed her coworkers (and supervisor) notifying them that she was going on personal leave due to the mental and emotional toll that the reopening of the investigation of her son's murder was having on her. ***(Exhibit A)***

21. Plaintiff took FMLA protected leave from March 21, 2020 until April 23, 2020.

22. On May 1, 2020, approximately eight days after her return, Plaintiff was pulled into Lancioni's office to meet with Lancioni and Plaintiff's direct supervisor Brooke Rodgers. Lancioni informed Plaintiff that she was being terminated allegedly due to "leadership issues" and "scheduling issues."

23. Plaintiff had never previously been informed of any leadership or scheduling issues that she was having prior to her termination.

24. After her termination, Plaintiff was replaced by a Caucasian woman.

25. Immediately following her termination, Plaintiff emailed Lowe's CEO Marvin Ellison to inform him of the egregious actions against her.

26. As of the filing of this Complaint, Plaintiff has received no indication any action will be taken regarding her termination or the discrimination she faced.

## COUNT I
## VIOLATION OF THE FAMILITY MEDICAL LEAVE ACT - RETALIATION

27. All preceding paragraphs are incorporated by reference.

28. Defendants retaliated against Plaintiff in violation of the FMLA leave by terminating her in response to her utilizing protected leave in violation of 29 USC 2615 (a) and 29 CFR 825.220.

29. Defendants' actions were intentional, with deliberate disregard for the rights and sensibilities of the Plaintiff.

30. There is a causal connection between Plaintiff's protected activity and Defendants' retaliatory actions described above.

31. As a direct and proximate result of Defendants' unlawful actions, Plaintiff has sustained injuries and damages including, but not limited to, loss of pay, loss of career opportunities, humiliation and embarrassment, mental anguish and emotional distress, loss of professional reputation, and loss of the ordinary pleasures of everyday life, including the right to pursue gainful occupation of choice and incurred substantial liability for attorney fees.

## COUNT II
## RACIAL DISCRIMINATION - 42 U.S.C. § 1981

32. All preceding paragraphs are incorporated by reference.

33. Plaintiff is a member of a protected minority class on the basis of her race.

34. As an employee, Plaintiff had a contractual employment relationship with Lowe's.

35. Plaintiff was placed on a final warning for making a mistake for which Caucasian employees had received only verbal or written warnings.

36. Plaintiff was treated differently than her Caucasian comparators.

37. Plaintiff was terminated due to her race.

38. Plaintiff alleges that her termination is in violation of her right to make and enforce contracts pursuant to 42 U.S.C. § 1981

39. As a direct and proximate result of Defendants' unlawful actions, Plaintiff has sustained injuries and damages including, but not limited to, loss of pay, loss vacation and sick days, loss of career opportunities, humiliation and embarrassment, mental anguish and emotional distress, loss of professional reputation and loss of the ordinary pleasures of everyday life, including the right to pursue gainful occupation of choice and has incurred attorney fees.

## COUNT III
## RETALIATION - 42 U.S.C. § 1981

40. All preceding paragraphs are incorporated by reference.

41. Plaintiff engaged in activity protected by 42 U.S.C. § 1981 when she complained of racial discrimination to her coworkers who, on information and belief, informed her supervisors.

42. Defendants retaliated against Plaintiff after she made complaints of unequal treatment and discipline she was receiving on the basis of race.

43. Defendants' termination of Plaintiff's employment on this basis violates 42 U.S.C. § 1981.

44. As a direct and proximate result of Defendants' unlawful actions, Plaintiff has sustained injuries and damages including, but not limited to, loss of pay, loss vacation and sick days, loss of career opportunities, humiliation and embarrassment, mental anguish and emotional distress, loss of professional reputation and loss of the ordinary pleasures of everyday life, including the right to pursue gainful occupation of choice and has incurred attorney fees.

## COUNT IV
## RACIAL DISCRIMINATION - ELLIOT-LARSEN CIVIL RIGHTS ACT, M.C.L. § 37.2101 *et. seq.*

45. All preceding paragraphs are incorporated by reference.

46. At all relevant times, Plaintiff and Defendants were covered by and within the meaning of the Michigan Elliott-Larsen Civil Rights Act, MCL 37.2101 *et seq*.

47. Defendants treated and disciplined Plaintiff different than similarly situated Caucasian employees.

48. Plaintiff's race was a factor that made a difference in Defendants' decision to terminate Plaintiff.

49. Defendants actions were intentional, with reckless indifference and in disregard of Plaintiff's rights and sensibilities.

50. As a direct and proximate result of Defendants' unlawful actions, Plaintiff has sustained injuries and damages including, but not limited to, loss of pay, loss vacation and sick days, loss of career opportunities, humiliation and embarrassment, mental anguish and emotional distress, loss of professional reputation, and loss of the ordinary pleasures of everyday life, including the right to pursue gainful occupation of choice and incurred substantial liability for attorney fees.

## COUNT V
## RETALIATION - ELLIOT-LARSEN CIVIL RIGHTS ACT, M.C.L. § 37.2101 *et. seq.*

51. All preceding paragraphs are incorporated by reference.

52. Plaintiff engaged in protected activity when she complained of racial discrimination to her coworkers who, on information and belief, informed her supervisors.

53. As a result of Plaintiff's protected activity, Plaintiff was terminated.

54. As a direct and proximate result of Defendants' unlawful actions, Plaintiff has sustained injuries and damages including, but not limited to, loss of pay, loss of vacation and sick days, loss of career opportunities, humiliation and embarrassment,

mental anguish and emotional distress, loss of professional reputation, and loss of the ordinary pleasures of everyday life, including the right to pursue gainful occupation of choice and incurred substantial liability for attorney fees.

### COUNT VI
### DISABILITY DISCRIMINATION – MICHIGAN PERSONS WITH DISABILITIES CIVIL RIGHTS ACT 220 OF 1976, MCL 37.1602

55. All preceding paragraphs are incorporated by reference.

56. Plaintiff has a serious and disabling medical condition, a covered disability under the act, was perceived as having a disability and/or had a record of having a disability.

57. Plaintiff's disability affected her ability to engage in one or more major life activities.

58. Plaintiff was/is qualified for her former position as Front End Manager.

59. On March 21, 2020, Plaintiff emailed her direct supervisor and coworkers informing them of her disability. *(Exhibit A)*

60. Plaintiff was terminated due to her disability.

61. As a further direct and proximate result of Defendants' wrongful acts, Plaintiff has sustained injuries and damages including but not limited to: loss of earnings and earning capacity; loss of career opportunities; mental anguish; physical and emotional distress; humiliation and embarrassment; loss of professional reputation; and

loss of the ordinary pleasures of everyday life, including the right to pursue gainful employment of her choice.

### REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff requests that this Honorable Court:

a. Declare that the aforementioned practices and actions of Defendant constitute unlawful practices in violation of the FMLA, § 1981, ELCRA and the MPWDCRA;

b. Award Plaintiff all lost wages and benefits, past and future, to which she is entitled;

c. Award Plaintiff appropriate equitable relief;

d. Award Plaintiff compensatory damages;

e. Award Plaintiff liquidated damages pursuant to the FMLA;

f. Award Plaintiff punitive damages;

g. Award Plaintiff reasonable attorney fees, costs and interest; and

h. Award such other relief as this Court deems just and proper.

Respectfully submitted,

By: /s/ Jack W. Schulz
Jack W. Schulz (P78078)
SCHULZ GOTHAM PLC
PO Box 44855
Detroit, MI 48244
(313) 246-3590
jackwschulz@gmail.com
*Attorneys for Plaintiff*

DATE: August 5, 2020

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**SHYRONN MCCULLOUGH,**

   Plaintiff,

vs.

**LOWE'S HOME CENTERS, INC.,
d/b/a LOWE'S** and **ROB LANCIONI,**
jointly and severally,

   Defendants.

Case No.

Hon.

_____/

Jack W. Schulz (P78078)
SCHULZ GOTHAM PLC
PO Box 44855
Detroit, MI 48244
(313) 246-3590
jackwschulz@gmail.com
*Attorneys for Plaintiff*
_____/

## **DEMAND FOR TRIAL BY JURY**

Plaintiff Shyronn McCullough hereby demands for a trial by jury.

       Respectfully submitted,

       By: /s/ Jack W. Schulz
       Jack W. Schulz (P78078)
       SCHULZ GOTHAM PLC
       PO Box 44855
       Detroit, MI 48244
       (313) 246-3590
       jackwschulz@gmail.com
       *Attorneys for Plaintiff*

DATE: August 5, 2020